■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL GRANT, Appellant.—Judgment of the Supreme Court, New York County, rendered December 18, 1974, convicting appellant of robbery in the first degree (two counts) and sentencing him to an indeterminate term of from 7 to 14 years' imprisonment on each count, to run concurrently, modified, as a matter of discretion in the interest of justice, so as to impose a term of from 5 to 10 years' imprisonment on each count, to run concurrently, and otherwise affirmed. We find the sentence of 7 to 14 years imposed upon appellant disparate when compared to the sentence of 4½ to 9 years imposed upon the codefendant McDonald (who pleaded guilty to the crime of robbery in the first degree during trial) particularly when the court had committed itself to the imposition of a 5- to 10-year term of imprisonment in

return for a plea of guilty by appellant to the crime of robbery in the first degree. In the colloquy between the court and appellant prior to the acceptance of the proposed plea, appellant responded satisfactorily to each of the pertinent questions addressed to him, and in fact not only inculpated himself but had made statements concerning other participants in the crime which effectively neutralized him were he to be called as a witness by any of them. The court became dissatisfied with appellant's refusal to answer questions concerning the "state of mind" of his codefendants and their "purpose" in being with him at the time of the crime, abruptly terminating the colloquy and refusing to accept the plea and compelling the trial herein. In these circumstances, we find that the sentence imposed was excessive. We have considered the other contentions of appellant and find them to be without merit. Concur—Birns, Evans, Fein and Sandler, JJ.; Kupferman, J. P., dissents in part in a memorandum as follows: I would affirm on each aspect of this appeal, including the sentence. This defendant in a robbery, which took place near Columbia University in broad daylight, was the one who wielded the revolver. In proffering his plea of guilty, he initially undertook to implicate his codefendants, and ultimately refused to describe their actions. The court was more than justified in refusing to accept the plea (see *People v Nixon,* 21 NY2d 338, 355) and, upon conviction, his sentence should have been more severe than that of the other defendants.